IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

vs.

KARNAIL SINGH GIDHA and JASBIR KAUR, individually and d/b/a LAMPPOST PIZZA,

        Defendants.

No. CIV-S-10-2509 KJM-KJN

ORDER

/

        This matter is before the court on defendants' motion to vacate the default entered by the Clerk of Court on January 11, 2011. ECF 15. On July 13, 2011, the court heard argument on the motion. Jonathan Stein appeared for defendants; Diane Devine appeared for plaintiff. For the reasons set forth below, the motion to vacate default is GRANTED.

I.    <u>BACKGROUND</u>

        On September 19, 2010, J&J Sports Productions, Inc. ("plaintiff") filed suit against Karnail Singh Gidha and Jasbir Kaur, each individually and doing business as Lamppost Pizza (collectively, "defendants"), for unlawfully intercepting and intentionally broadcasting a televised boxing match (the "Program") to which plaintiff had exclusive licensing rights, in violation of the Federal Communications Act of 1934, 47 U.S.C. §§ 605 *et seq.* and 47 U.S.C. §§ 553 *et seq.* ECF 1. Plaintiff also alleged the common law claim of conversion and a violation

1

of California Business and Professions Code §§ 17200 *et seq*. *Id*. According to plaintiff's process server, the complaint was served on Manny Singh, a "person in charge," at defendants' Lamppost Pizza business address on December 3, 2010. ECF 5; ECF 6. Plaintiff's process server also mailed a copy of the complaint, summons and related documents to defendants at the business address. ECF 5; ECF 6. Defendants represent that Manny Singh did not receive the documents. ECF 15-2. They provide an affidavit signed by Mr. Singh stating that he did not receive process and that he was not working at the Lamppost Pizza business address on December 3, 2010. *Id.* The affidavit attaches a timecard Singh claims shows he was not at Lamppost Pizza at the time plaintiff's alleged service occurred. *Id*. In any event, Karnail Gidha, the owner of Lamppost Pizza,[1] avers he was not personally served and was not told by any of his employees that they were served with the pending action. ECF 15-4 at 2 ¶ 8; *cf.* ECF 15-3 at ¶¶ 2-3.

On February 23, 2011, the magistrate judge issued findings and recommendations recommending default judgment in the amount of $10,000 in statutory damages for claims brought under 47 U.S.C. § 605(a) and 47 U.S.C. § 553(a). ECF 12. On March 9, 2011, plaintiff filed objections to the findings and recommendations. ECF 13.

In early March, defendants evidently became aware of the case and retained counsel. ECF 15-3.[2] On March 10, 2011, defendants proposed a joint stipulation setting aside the default and entering into a settlement agreement. ECF 15-3. Over several weeks, defendants' counsel attempted repeatedly to contact plaintiff through email and phone calls to

---

[1] Although defendants represented at hearing that Jasbir Kaur is a co-owner with Mr. Gidha, Kaur has not appeared. The proof of service filed with respect to Kaur shows service also was purportedly effected on him through substituted service on Mr. Singh. ECF 6. Plaintiff conceded at argument that service on Mr. Kaur was not proper. The court thus treats this as a motion to set aside the default with respect to both Messrs. Gidha and Kaur.

[2] Although a proof of service filed with plaintiff's objections to the findings and recommendations issued on February 23, 2011, identifies persons other than the defendants to this action, it appears that the objections actually were served on the instant defendants, or that at least a proposed order accompanying them was. *See* ECF 13 at 9; ECF 13-2.

plaintiff's counsel. *Id*. After more than a month of delay, on April 14, 2011, plaintiff offered to stipulate to set aside the default and settle the matter for $25,000. *Id*. This motion followed on May 3, 2011. ECF 15. Defendants have not filed objections to the findings and recommendations.

II.     ANALYSIS

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause."[3] FED. R. CIV. P. 55(c). To determine whether good cause exists, the court considers: (1) whether defendants engaged in culpable conduct that led to default, (2) whether defendants had a meritorious defense, or (3) whether reopening the default judgment would prejudice plaintiff. *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 925-26 (9th Cir. 2004). These factors also apply to motions to set aside a default judgment under Rule 60(b), however, the test is "more liberally applied" in the Rule 55(c) context. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) (hereinafter, "*Mesle*"). The good cause test is disjunctive, such that a court may deny a movant's request to set aside default if any one of the factors is present. *Id*. at 1091; *Franchise Holding II*, 375 F.3d at 926.

At the same time, the Ninth Circuit's distaste for default judgments cannot be overstated; courts are directed to be "solicitous towards movants" and deny a motion to set aside default only where "extreme circumstances" exist. *See Mesle*, 615 F.3d at 1091-92; *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible."); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("judgment by default is

/////

---

[3] Defendants have moved to set aside the default judgment under Rule 60(b) even though a default judgment has not been entered. Accordingly, the proper basis for defendants' motion is Rule 55(c).

3

a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits").

### A. Culpability

A defendant's conduct is considered culpable if he has received actual or constructive notice of the action and intentionally failed to answer. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under [Ninth Circuit] default cases." *Id*. Instead, a finding of intentional failure will exist only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. at 699.

Mr. Gidha's declaration does not state precisely when he became aware of the instant action. While not supported by any facts in record, defendants' moving papers state that they did not learn of the action until after default was entered. ECF 15 at 1:15-16, 5:22-23, 6:9-10. By early March, defendants aver they had retained counsel and tried to get the default set aside through a joint stipulation and settlement, without seeking the court's intervention. ECF 15-3. When plaintiff finally responded, it demanded $25,000 to settle the case, a sum far in excess of the magistrate judge's pending recommendation at the time. *Id*. Although the record has not been developed sufficiently for the court to determine precisely the chain of events leading to defendants' knowledge of the default, by all appearances defendants' failure to respond more promptly once they did become aware of the action is attributable to mere negligence and does not evince the bad faith necessary to find culpability.

### B. Meritorious Defense

A defendant seeking to vacate a default must provide specific facts that would constitute a defense, but the movant's burden is not "extraordinarily heavy." *TCI Group*, 244 F.3d at 700; *Mesle*, 615 F.3d at 1094.

4

Defendants argue that they maintained a commercial account with DirecTV and legally purchased the Program. According to defendants, DirecTV improperly billed them for the residential rate as opposed to the commercial rate. ECF 15. Plaintiff does not cite any precedent binding on this court for the proposition that 47 U.S.C. § 605(a) and 47 U.S.C. § 553(a) are strict liability offenses. Both parties cite to other jurisdictions that have reached conflicting conclusions regarding whether strict liability applies to good faith purchases. *Compare J & J Productions, Inc. v. Schmalz*, 745 F. Supp. 2d 844 (S.D. Oh. 2010) (holding defendant was not liable under § 553 where it purchased program from cable provider on commercial account) *and J & J Sports Productions, Inc. v. Live Oak County Post No. 6119*, 2009 WL 483157, at **5-6 (S.D. Tex. Feb. 24, 2009) (denying summary judgment motion where good faith purchase of program required analysis of whether it constituted theft under § 605 and § 553) *with J & J Sports Productions, Inc. v. Aviles*, 2011 WL 1884629 (N.D. Cal. May 28, 2011) (declining to set aside default where defense was based on good faith purchase because § 605 and § 553 are strict liability statutes).

Defendants have alleged sufficient facts and identified a legal issue not yet resolved within this Circuit that could conceivably operate as a meritorious defense to plaintiff's claims. Given the preference to have issues decided on the merits, this is sufficient for defendant to prevail on this factor. *See TCI Group Life*, 244 F.3d at 700 (finding a meritorious defense existed where reliance on recent precedent meant litigation of the issue would "not be a wholly empty exercise").

C.  Prejudice

Prejudice exists where plaintiff's "ability to pursue his case will be hindered." *See TCI Group Life*, 244 F.3d at 701 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Merely being forced to litigate does not constitute prejudice. *Id*. ("A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an

even footing in the litigation"). Plaintiff intimates it will be prejudiced because the defendants could collude to create evidence supporting their case. *See* Opp'n at 9. Plaintiff does not provide evidence of collusion and the court will not address baseless speculation regarding an opposing party's possible future fabrication of evidence. Here, there is no prejudice to allowing the suit to proceed.

III. FINDINGS AND RECOMMENDATIONS

The magistrate judge filed findings and recommendations on February 23, 2011. ECF 12. As default was entered on January 11, 2011, the magistrate judge reasoned that "once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages." ECF 12 at 5. Accordingly, the findings and recommendations propose awarding plaintiff relief based purely on plaintiff's uncontested allegations. When Messrs. Gidha and Singh met with an attorney on March 2, 2011 to discuss the magistrate judge's findings and recommendations, it was within the time frame available for defendants to submit objections to the magistrate judge's findings and recommendations. ECF 15-3 at 1. At the hearing on the instant motion, defense counsel explained, without any reference to legal authority, defendants' belief that once default was entered, their ability to challenge the related findings and recommendations was foreclosed. Even though defendants did not file objections, the court still may exercise its discretion to consider new evidence now in the record and decline to adopt the findings and recommendations. *See Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (a district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).

IV. CONCLUSION

For the reasons set forth above, defendants' motion is GRANTED. Based on the foregoing and in light of the new evidence presented, which the court exercises its discretion to consider, the court DECLINES to adopt the magistrate judge's findings and recommendations.
/////

1  ECF 12.  Further, the Clerk of Court is directed to VACATE the entry of default (ECF 8) and

2  FILE defendants' proposed answer.  ECF 15-1 at 17-22.

3         IT IS SO ORDERED.

4  DATED:  August 3, 2011.

                                UNITED STATES DISTRICT JUDGE