1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   J & J SPORTS PRODUCTIONS, INC.,

11              Plaintiff,                    No. CIV S-10-2509 KJM-KJN

12        vs.

13   KARNAIL SINGH GIDHA and JASBIR
     KAUR, individually and d/b/a LAMPOST
14   PIZZA,

15              Defendants.                   ORDER

16   _____/

17             This matter comes before the court upon plaintiff's motion to strike defendants'

18   affirmative defenses.  (ECF 22.)  This matter was decided without a hearing.  For the following

19   reasons, plaintiff's motion is hereby GRANTED.

20   I.    FACTS AND PROCEDURAL HISTORY

21             Plaintiff filed the complaint in this case on September 16, 2010, alleging it had

22   the exclusive distribution rights to a televised fight that defendants aired at their commercial

23   establishment, in violation of three statutes: 47 U.S.C. §§ 605, *et seq.*, commonly known as the

24   Communications Act of 1934; 47 U.S. §§ 553, *et seq.*, commonly known as the Cable and

25   Television Consumer Protection and Competition Act of 1992; and California Business and

26   /////

1   Professions Code § 17200, *et seq.*  (Compl. at 1, ECF 1.)  Plaintiff also pled a cause of action for

2   conversion.  (*Id.* at 6.)

3            Plaintiff filed the present motion to strike on August 24, 2011.  (ECF 22.)

4   Plaintiff alleges that defendants insufficiently pled all ten affirmative defenses in their answer,

5   and as a result, defendants' affirmative defenses must be stricken.  (Pl.'s Mot. at 3-10).

6   Defendants filed their opposition on September 13, 2011 (ECF 23), and plaintiff filed its reply on

7   September 20, 2011 (ECF 24).

8   II.    ANALYSIS

9          A.    Motion to Strike Standard

10           Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a

11  pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  "Redundant matter

12  is defined as allegations that 'constitute a needless repetition of other averments or are foreign to

13  the issue.'"  *Taheny v. Wells Fargo Bank, N.A.*, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18,

14  2011) (quoting *Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 (E.D. Cal.

15  Jan. 26, 2007)) (other citation omitted).  "'Immaterial matter is that which has no essential or

16  important relationship to the claim for relief or the defenses being pleaded[, and] [i]mpertinent

17  matter consists of statements that do not pertain, and are not necessary, to the issues in

18  question.'"  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 CHARLES A.

19  WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 & 711

20  (1990)), *rev'd on other grounds by* 510 U.S. 517, 114 S. Ct. 1023 (2004).

21           A 12(f) motion to strike serves "to avoid the expenditure of time and money that

22  must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."

23  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  The granting of a motion

24  to strike "may be proper if it will make trial less complicated or eliminate serious risks of

25  prejudice to the moving party, delay, or confusion of the issues."  *Taheny*, 2011 WL 1466944, at

26  *2 (citing *Fantasy*, 984 F.2d at 1527-28).  However, "[m]otions to strike are disfavored and

1    infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp.2d 1159, 1170 (E.D. Cal. 2005)

2    (citations omitted).  Indeed, a motion to strike "'should not be granted unless it is clear that the

3    matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id*.

4    (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991))*; see*

5    *also Wynes v. Kaiser Permanente Hospitals*, 2011 WL 1302916, at *12 (E.D. Cal. Mar. 31,

6    2011) (noting "courts often require a showing of prejudice by the moving party").

7             In ruling on a motion to strike, a "court[] may not resolve disputed and substantial

8    factual or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

9    2010) (internal quotation omitted).  Finally, "leave to amend should be freely given" unless there

10   is a showing of prejudice to the moving party.  *See Wyshak v. City Nat'l Bank*, 607 F.2d 824,

11   826-27 (9th Cir. 1979) (citing Fed. R. Civ. P. 15(a)) (other citations omitted).

12           B.      Application

13           Plaintiff maintains that all of defendants' affirmative defenses should be stricken

14   because they are insufficient, redundant, or immaterial.  Plaintiff argues that this court should

15   evaluate the sufficiency of defendants' affirmative defenses under the heightened pleading

16   standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and clarified by

17   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); in applying this standard, defendants' affirmative

18   defenses do not contain enough facts to withstand plaintiff's motion to strike.  Alternatively,

19   plaintiff argues that under the lower standard set forth in *Wyshak v. City Nat'l Bank*, 607 F.2d

20   824 (9th Cir. 1979), defendants' affirmative defenses must be stricken because they do not

21   provide plaintiff with fair notice of the defenses.

22           Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses

23   and requires a party to "affirmatively state any . . . affirmative defense . . ." when responding to a

24   complaint.  In *Wyshak*, the Ninth Circuit applied the pleading standard set forth in *Conley v.

25   Gibson*, 355 U.S. 41 (1957), to affirmative defenses and stated: "[t]he key to determining the

26   sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the

                                                    3

1  defense." *Wyshak*, 607 F.2d at 827.  As plaintiff correctly points out, the Ninth Circuit has yet to

2  apply *Twombly* and *Iqbal* to affirmative defenses, and to date, no circuit court has issued a

3  decision regarding the applicability of the heightened pleading standard to affirmative defenses.

4  *See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172

5  (N.D. Cal. 2010).  District courts in the Ninth Circuit are split on this issue.  *Compare, e.g.,*

6  *Trustmark Insurance Co. v. C & K Market, Inc.*, 2011 WL 587574 (D. Or. Feb. 10, 2011)

7  (declining to extend *Twombly*'s pleading requirements to affirmative defenses) *with Barnes*,

8  718 F.Supp.2d at 1171-73 (holding the heightened pleading standard of *Twombly* and *Iqbal*

9  applies to affirmative defenses).  Several courts in this district have declined to reach the issue of

10  whether to extend the pleading standard set forth in *Twombly* and *Iqbal* to affirmative defenses.

11  *See, e.g., J & J Sports Productions, Inc. v. Luhn*, 2011 WL 5040709 (E.D. Cal. Oct. 24, 2011);

12  *J & J Sports Productions, Inc. v. Montanez*, 2010 WL 5279907 (E.D. Cal. Dec. 13, 2010).  This

13  court also declines to reach the issue of whether the heightened pleading standard applies to

14  defendants' answer because, as set forth below, the challenged affirmative defenses do not meet

15  the lower pleading standard set forth in *Wyshak*.  *See Montanez*, 2010 WL 5279907.

16          1.     First Affirmative Defense: Failure to State a Claim[1]

17       Defendants' first affirmative defense states that plaintiff's complaint "fails to state

18  facts sufficient to constitute a claim against Defendant[s]." (ECF 21; Pl.'s Mot. at 5.)  However,

19  "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny

20  plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit*

21  *Ins. Co. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*,

22  446 U.S. 635, 640-41 (1980)).  As plaintiff correctly asserts, defendants' first affirmative defense

---

[1] The court notes that defendants' opposition to plaintiff's motion to strike does not directly address plaintiff's arguments regarding each affirmative defense, but instead opposes plaintiff's motion generally.  Defendants also fail to cite any binding authority in their opposition.  As a result, this court finds it unnecessary to discuss the arguments presented in defendants' opposition regarding each of the affirmative defenses.  However, the court will address defendants' request for leave to amend their answer. *See infra* at subsection 8.

1   challenges plaintiff's prima facie case and therefore is not properly raised as an affirmative

2   defense. *See Montanez*, 2010 WL 5279907, at *1 (E.D. Cal. Dec. 13, 2010). Accordingly,

3   plaintiff's motion to strike defendants' first affirmative defense is granted.

4           2.      Second. Third, Sixth and Eighth Affirmative Defenses: Waiver, Estoppel,
                    Failure to Mitigate, Unclean Hands, Respectively

5

6           In their second, third, sixth and eighth affirmative defenses, defendants cite to

7   various legal doctrines, alleging they bar plaintiff's recovery in this case. (ECF 21; Pl.'s Mot. at

8   6, 8-9.) Defendants, however, fail to provide any detail regarding the applicability of these

9   doctrines to this case. *Compare G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL

10  3749284, at *2-3 (N.D. Cal. Sep. 23, 2010). Indeed, defendants' pleading fails to give "plaintiff

11  fair notice of the[se] defense[s]." *Wyshak*, 607 F.2d at 824; *see also Montanez*, 2010 WL

12  5279907, at *2-4. For this reason, plaintiff's motion to strike these affirmative defenses is

13  granted.

14          3.      Fourth Affirmative Defense: Statute of Limitations

15          Defendants' fourth affirmative defense alleges plaintiff's claims are "barred by

16  the applicable statute of limitations . . . ." (ECF 21; Pl.'s Mot. at 6-7.) Defendants cite two

17  sections of the California Civil Code that purportedly bar plaintiff's claims; however, as plaintiff

18  points out, these sections do not appear to apply to plaintiff's claims. (Pl.'s Mot. at 6-7.)

19  Without any facts tying the cited sections to the allegations of plaintiff's complaint, defendants'

20  pleading does not give plaintiff notice of the defense. *Accord Montanez*, 2010 WL 5279907, at

21  *3. For this reason, defendants' fourth affirmative defense should be stricken.

22          4.      Fifth Affirmative Defense: Uncertainty

23          Defendants' fifth affirmative defense states that plaintiff's complaint "does not

24  describe the claims against Defendants with sufficient particularity and certainty . . . ." (ECF 21;

25  Pl.'s Mot. at 8.) This affirmative defense must be stricken for the same reason defendants' first

26  affirmative defense was ordered stricken above: it challenges the sufficiency of plaintiff's prima

1  facie case and is therefore not an affirmative defense.  *See Montanez*, 2010 WL 5279907, at *1.

2  Additionally, defendants' reservation of the right to plead affirmative defenses is improper and

3  ordered stricken.  *See Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *7 (N.D. Cal. May 8,

4  2009) (citation omitted).

5              5.      Seventh Affirmative Defense: Comparative Fault

6              In their seventh affirmative defense, defendants allege plaintiff's recovery should

7  be "barred or reduced in proportion to [its] comparative fault."  (ECF 21; Pl.'s Mot. at 8.)

8  Plaintiff correctly argues that this affirmative defense must be stricken as immaterial and

9  impertinent because it is not a proper defense to any of plaintiff's claims.  (Pl.'s Mot. at 8); *see*

10  *J & J Sports Productions, Inc. v. Soto*, 2010 WL 3911467, at *2 (S.D. Cal. Sep. 28, 2010).

11  Accordingly, plaintiff's motion to strike is granted as to defendants' seventh affirmative defense.

12             6.      Ninth Affirmative Defense: Responsibility of Third Parties

13             Defendants' ninth affirmative defense states that the claims against defendants

14  should be reduced because plaintiff's harm was caused by "wrongful acts of third parties."  (ECF

15  21; Pl.'s Mot. at 9.)  Plaintiff argues that this defense should be stricken because it challenges

16  plaintiff's prima facie case, and therefore is not properly raised as an affirmative defense.  (Pl.'s

17  Mot. at 9).  However, due to the conclusory nature of defendants' pleading, the court cannot

18  discern the nature of defendants' ninth affirmative defense.  *Compare G & G Closed Circuit*

19  *Events, LLC v. Nguyen*, 2010 WL 3749284, at *2 (N.D. Cal. Sep. 23, 2010).  Because

20  defendants' pleading does not give plaintiff fair notice of the defense, plaintiff's motion to strike

21  defendants' ninth affirmative defense is granted.  *Id.*

22             7.      Tenth Affirmative Defense: No Liability for Conduct of Agents

23             In their tenth affirmative defense, defendants plead: "If any person or party was

24  the agent of Defendants, which it was not, its alleged misrepresentations and/or statements were

25  not authorized or ratified by Defendants, who is [*sic*] not liable for those alleged statements."

26  (ECF 21; Pl.'s Mot. at 9.)  Plaintiff's argument that this defense is confusing and internally

1    inconsistent is well-taken.  Defendants have failed to give plaintiff fair notice of the defense, and

2    therefore, defendants' tenth affirmative defense must be stricken.  *See Wyshak*, 607 F.2d at 824;

3    *see also Montanez*, 2010 WL 5279907, at *2-4.

4            8.     Leave to Amend

5          As set forth above, unless there is a showing of prejudice to the moving party, a

6    court should freely allow leave to amend.  *See Wyshak*, 607 F.2d 824 at 826-27 (citations

7    omitted).  Defendants request leave to amend their answer and note that while plaintiff had

8    almost a year to prepare its complaint, they had very little time to obtain information regarding

9    this case and prepare an answer.  (Defs.' Opp'n at 4.)  Plaintiff argues it has suffered prejudice

10   because it "has already been compelled to expend time and resources litigating irrelevant issues."

11   (Pl.'s Mot. at 9.)  However, plaintiff provides no further detail to support this argument.  The

12   court finds plaintiff has not made the showing that would preclude an amended pleading in this

13   case.  *Accord Montanez*, 2010 WL 5279907, at *5.

14   III.    <u>CONCLUSION</u>

15         For the foregoing reasons, it is hereby ORDERED that plaintiff's motion to strike

16   (ECF 22) is GRANTED.  Defendants may file an amended answer within thirty (30) days of this

17   order, subject to the obligations of Federal Rule of Civil Procedure 11.[2]

18         IT IS SO ORDERED.

19   DATED:  February 16, 2012.

20

21                               _____
                            UNITED STATES DISTRICT JUDGE

22

23

24   ――――――――――――

25        [2] Rule 11 provides that through his signature, counsel "certifies to the best of [his] knowledge, information, and belief . . . [that] the claims, defenses, and other legal contentions are warranted by existing law . . . [and] the denials of factual contentions are warranted on the

26   evidence . . . ."